Ruffin, Chief Justice.'
 

 — Upon the construction of the will, the Court does not doubt, that under the terms, <£ raised and taken care of,” and “ educated,” which are all used by the testator, the board, clothing, and tuition of the three grand-children, are all to be provided for, while at school during their minority. It is not deemed so clear that a similar bounty is intended for the relator, during the period he might be engaged, after full age, in the study of the law. Other provision is made for him at twenty-one, and the words “ that he be
 
 got
 
 to the study of the law,” may be rather the expression of the testator’s wish, as to his grand-son’s profession, and a request to him to adopt it, than the extension of a further bounty to him in providing for his support during the term of study. But upon the extent of the benefit intended for the relator, the Court does not deem it necessary to pronounce a decided opinion; since, whatever it may be, it does not appear to be the subject of adjudication by a legal tribunal.
 

 If it be yielded, that a legatee generally can sue on the bond of an administrator with the will annexed, for a legacy to which the administrator has assented, or to which he improperly refuses his assent, — propositions, on which no opinion is given, — yet the relator in this ease has, from the nature of the dispositions in his favour, a difficulty, which seems to the Court to be insuperable.
 

 The testator does not bequeath to him a specific thing, nor even a pecuniary legacy
 
 in numero;
 
 but provides for his maintenance and education. The purposes of such a charge, naturally imply a discretion, devolving on some person. The schools at which a youth should be placed; the families in which he should reside; and the quality of apparel, are subjects for selection; and the propriety of
 
 *400
 
 each much depends upon the station of the testator’s family in society; the extent of the estate; and the grandson’s expectations, capacity, and docility. If the testator had not conferred the discretion alluded to on any particular person, it is not easy to see how, in a Court of law, the executors or administrators with the will annexed, could be made answerable for culpable negligence in the exercise of it. But in this will, the discretion is expressly delegated to the testator’s son, whom he names. His Honor held that this was not a confidence personal to James; but that the representatives are bound to see it faithfully executed, either by him or themselves, and for default, are responsible at law. That the estate is chargeable with the money needful to the ends directed, is beyond a doubt; and if the fund has not been provided, that a Court of equity would yet order it to be raised, is readily admitted. But if the estate has once contributed the fund, and it has been placed in the hands which are to disburse it for the purposes prescribed by the testator, and it has been wasted, there seems to be no ground for doubly charging the estate to raise it again ; and yet less for making the co-administrator responsible for the unfaithful trustee, (who happened also to be an administrator,) in a trust to which he was specially appointed by the testator himself. But whatever may be the facts on this part of the case, whether any fund was provided and set apart for this particular purpose, in the hands of James; whether it was adequate or inadequate, or applied or not, could not be properly inquired into in this action, because, in our opinion, the discretion was entirely in James, and the relator is conclusively bound at law by his determination.
 

 Courts of equity relieve against conditions, and prevent advantage being unconscientiously taken of their breach or non-performance ; and also control the unreasonable exercise by one, of a power or discretion which may affect the interests of another person. The propriety of assuming to review and reverse the determination of one to whom a testator has given a discretion, absolute in terms, upon the ground that it was not a reasonable and just determination, though arrived at after fair inquiry, and full deliberati^H
 
 *401
 
 has not escaped animadversion; since it makes the instrument read so as to confer on the chancellor, the discretion which the maker of it declares he reposes exclusively in the individual selected by himself. But the jurisdiction is established; and upon the facts now appearing, relief would certainly be granted in equity, there being no cause whatever assigned for the neglect to provide for the relator; and such neglect or refusal without cause, is, by itself, unreasonable ; and it does not appear that any fund, was in fact provided. But a Court of law, is bound by the terms of the will; and the acts, right or wrong, of him, to whom the testator gives the authority to decide, must stand as parts of the will. It is the testator’s bounty, and must be taken, subject to the restrictions by him imposed. If he puts it upon the will and judgment of another person, that will, however vicious, and that judgment, however erroneous and unreasonable, cannot be controverted at law. If the law itself confers an authority or discretion, it means a reasonable, and not an arbitrary one'; and' guards its faithful exercise, by giving damages for its malicious abuse; but a court and jury cannot limit a discretion, which parties for themselves, declare shall be unlimited, or to which they have affixed no limit. Damages-cannot be given for the neglect to exercise it, for there is no legal obligation to do so. Nor can its exercise upon mistaken, unreasonable or dishonest motives, be set at nought as not being, for those reasons, obligatory; because the motives do not impeach the legal power, but only affect the conscience of the party. The Court is unable to find a case of such a jurisdiction at law, and knows of no principle on which to base it. For this reason, the judgment of the Superior Court is reversed, and a new trial to be had.
 

 Per Curiam. Judgment reversed.